MURRAY (COX v.). See Case No. 3,304.

## Case No. 9,958.
MURRAY v. DONNELLY et al.
[3 Leg. Int. 41.] [1]
District Court, E. D. Pennsylvania. Aug. 7, 1846.

PRACTICE IN ADMIRALTY—LIBEL IN PERSONAM FOR PERSONAL INJURIES—DOUBTFUL MERITS.

[The court will not take jurisdiction of a libel in personam for assault committed against a mariner by the officers of the vessel, if the case is of doubtful merits, and must be established by unquestionable proofs, but will remit libelant to his remedy at common law.].

[Libel in personam by John Murray, a mariner, against Donnelly, master, and Randall, mate, of the brig Rebecca, for assault.]

KANE, District Judge. I have considered this case, and have come to the determination to dismiss the libel. I am not satisfied with the evidence. It is, at best, doubtful, if not contradictory. I take the occasion to say to the gentlemen of the bar, and through them to those whom it may concern more directly, that I am strongly disinclined to favor proceedings like the present. The admiralty jurisdiction of this court, summary and potential as it is, in cases of personal wrong on the high seas, will be exercised impressively whenever a clear case shall be made out in evidence. But the case must not be one of doubtful merits, and it must be established by unquestionable proof. There must be no mutinous provocation on the part of the libelant, no apparent combination among the witnesses, nothing from which the mind can

without violence infer an attempt to prostitute judicial forms to purposes of wrong. When the case is made doubtful by the character of the witnesses or the conflict of their testimony, there is safety in the intervention of a jury; and, where the primary investigation of it by the proctor gives him reason to anticipate such a state of things, he will wisely consult the interests of his client by referring him to the courts of common law.

## Case No. 9,959.
MURRAY v. DOWLING.
[1 Cranch. C. C. 151.] [1]
Circuit Court, District of Columbia. Dec. Term, 1803.

WITNESS — PRIVILEGED COMMUNICATIONS — ATTORNEY.

An attorney at law cannot be compelled to disclose any fact the knowledge of which has been communicated to him by his client.

Replevin. Avowry for rent-arrear—plea in bar, no rent-arrear—general replication and issue.

Mr. Peacock requested a postponement of the trial on account of the absence of the person who had possession of the original lease.

Mr. Hewitt, for the plaintiff, pressed the trial.

Mr. Peacock waived his application for a postponement, and offered ready.

On the trial Mr. Peacock being sworn as a witness, Mr. Hewitt asked him whether there was a lease in writing. Mr. Peacock stated that his knowledge upon that subject was derived from his client, in his capacity as counsel, and prayed the opinion of the court whether he was bound to answer.

THE COURT was of opinion he ought not to be compelled to answer, and sustained the objection.

## Case No. 9,960.
MURRAY v. DULANY.
[3 Cranch, C. C. 343.] [1]
Circuit Court, District of Columbia. Nov. Term, 1828.

WITNESS—MULATTO—PROOF OF FREEDOM.

In assault and battery, the plaintiff, being a mulatto, cannot, at the trial upon the general issue, be compelled to prove his freedom.

Assault and battery. The plaintiff [George Murray] was a mulatto.

Mr. Wise, for the defendant [Henry R. Dulany], contended that the plaintiff should prove his freedom.

But THE COURT (MORSELL, Circuit Judge, absent) said, that the defendant had waived the objection to the person of the plaintiff by pleading the general issue.

---

[1] [Reprinted by permission.]

[1] [Reported by Hon. William Cranch, Chief Judge.]